Sidney A. Fine, J.
The agreement alleged in the complaint provided for joint ownership (1) of the leasehold taken by defendant in his own name at 667 Madison Avenue, New York City, and (2) of the improvements, furnishings, fixtures and equipment purchased for use in connection therewith. No claim is made that the parties were to be joint venturers as to the business conducted by them in the leased premises. The lease in question was for a period of five years. The Statute of Frauds is, therefore, a defense to plaintiff’s claim that he is a joint lessee unless there has been such part performance as to take the alleged agreement out of the statute (see, Beal Property Law, § 270). Plaintiff claims that he paid one half of the amount due to the landlord of the space formerly occupied by the parties; that he purchased one half of the bonds given to the new landlord as security; that he paid one half of the bill rendered by an attorney employed to compel the new landlord to make the alterations and improvements which had been agreed upon; that he paid one half of the sum expended by defendant for the installation of fixtures, equipment, etc.; and that he has paid one half the monthly maintenance charges under the lease since its inception. Although plaintiff’s claim is disputed in some respects, for the purposes of this motion for summary judgment dismissing the complaint, plaintiff’s version must be accepted as true. Defendant contends that the acts of part performance relied upon by plaintiff are not unequivocally Deferrable to .the alleged agreement and that they are consistent with a subtenancy between the parties. In the court’s opinion there is at least a triable issue of fact as to whether the acts of the plaintiff constituted part performance which would be unintelligible, or at least extraordinary, unless as an incident of plaintiff’s joint ownership of the lease. A subtenant does not ordinarily share in the expenses of procuring the landlord to make alterations and improvements required by the lease, or in the security furnished to the landlord, or in the cost of installing fixtures and equipment.
The motion for summary judgment is denied.